UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FRANCONIA SQUARE, LLC :
:
:
Plaintiff, :
:
v. : Case No. 1:12cv1007
: CMH/JFA
NOVA PETROLEUM REALTY, LLC :
:
:
Defendant. :
:
*******************************************

## ANSWER TO AMENDED COUNTERCLAIM

COMES NOW, Franconia Square, LLC (FRANCONIA) Plaintiff, by Counsel, and sets forth the following as his Answer to the Amended Counterclaim filed herein.

1. The allegations in Paragraph 1 are admitted.

2. The allegations in Paragraph 2 are admitted with the exception of the inclusion of 28 U.S.C.§1332.

3. The allegations in Paragraph 3 are admitted.

4. The allegations in Paragraph 4 are admitted except to clarity that NOVA owns the real property but not the business being operated thereon.

5. The allegations in paragraph 5 are admitted.

6. As to paragraph 6, the opening paragraph is admitted. Subparagraph (a) is denied as it is not the complete statement contained in the lease; as to subparagraph (b) it is admitted that use of the premises as a "parking lot" is not allowed, but it is affirmatively stated that no such use has been made of the premises by Franconia; as to subparagraph (c) it is admitted that the words stated are contained in the lease, however it is affirmatively stated that Franconia

denies having violated such provision; as to subparagraph (d) it is admitted that a portion of these words are contained in the lease, however it is affirmatively stated that during the term of this lease, Franconia has made no alterations or modification to the station the allegations in subparagraph (e) are denied.

7. As to paragraph 7 the opening paragraph is admitted. As to the subparagraphs (a) (b) and (c) the document speaks for itself, but it is affirmatively stated that Franconia has not violated any such provisions. Subparagraph (c) is denied.

8. Paragraph 8 is admitted.

9. As to paragraph 9, the first two sentences have information unknown to Plaintiff and are therefore denied. It is admitted that Fairfax County notified NOVA of violations and that the notice is attached to the Complaint as Exhibit F.

10. The allegations in Paragraph 10 are denied. It is affirmatively stated that the notice of violation is against NOVA, not Franconia Square.

11. The allegations in Paragraph 11 are denied.

12. The allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 are admitted, however, it is affirmatively stated that such Notice did not comply with the law.

14. The allegations in Paragraph 14 are admitted, however, plaintiff denies that the statements are true.

15. As to paragraph 15, it is admitted that the document was delivered to Plaintiff and that a summary of rights was attached. The remaining allegations are denied.

16. The allegations in paragraph 16 are denied.

17. Paragraph 17 does not require any response.

18. The allegations in Paragraph 18 are denied.

19. The allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are denied.

21. The allegations in Paragraph 21 do not require an answer.

22. The allegations in Paragraph 22 are admitted.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied.

WHEREFORE, having fully answered the Counterclaim. Plaintiff prays that it be dismissed with costs and attorneys fees.

Respectfully submitted,

Franconia Square, LLC,
by Counsel

_____/s/_____
Douglas E. Bywater  (VSB#9137)
Tate, Bywater & Fuller, PLC
2740 Chain Bridge Road
Vienna, VA  22181
703 938-5100 Tel.
703 255-1097 Fax
debywater@tatebywater.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court and sent via first class U.S. Mail, postage prepaid to:

John M. Luchak
Bassman, Mitchell & Alfano, Chartered
1707 L Street, N.W., Suite 560
Washington, DC  20036

_____/s/_____
Douglas E. Bywater