UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| FRANCONIA SQUARE, LLC : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:12cv1007 |
| : | CMH/JFA |
| NOVA PETROLEUM REALTY, LLC : | |
| : | |
| Defendant. : | |
| : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>PLAINTIFF'S REBUTTAL TO DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

**I.     INTRODUCTION**

This suit was filed by Plaintiff, FRANCONIA SQUARE, LLC (Franconia) in response to a notice of termination dated July 9, 2012 sent by Defendant NOVA PETROLEUM REALTY, LLC (NOVA). The notice was for termination of the franchise between Franconia and NOVA pursuant to the Petroleum Marketing Practices Act (PMPA). (See Exhibit E to Complaint)

Franconica has operated a service station at the location 6136 Franconia Road, Springfield, Virginia since 2001.

When Franconia first leased the premises in 2001 it was owned by Shell Oil Company, through its subsidiary MOTIVA Enterprises, LLC. (MOTIVA)

Shortly following its possession of the property and with approval of MOTIVA, Franconia converted storage areas into two additional auto repair bays and improved the area in the rear of the lot so that cars being repaired could be parked.

1

In April of 2002, Fairfax County notified Shell Oil the owner of the property, that the changes made to the property required a special exemption to be processed through the county, (See Exhibit G to Complaint), and that Shell Oil was therefore in violation of the zoning requirements.

On June 3, 2002 MOTIVA sent a letter agreement to Franconia agreeing to the improvements made to the property. This agreement provided, among other things, that Franconia would undertake the obtaining of the required permits for the improvements. (see Exhibit 1)

Franconia received authorization from MOTIVA to act as its agent in obtaining the required special exception. (See Exhibit 2)

On December 13, 2007, MOTIVA sent a letter to the Zoning Administrator indicating that the engineering firm hired by Franconia, Land Development Consultants, Inc., was authorized to act as agent for MOTIVA (See Exhibit 3)

Land Development Consultants, Inc. continued work on the special exemption and permits on behalf of MOTIVA at the expense and direction of Franconia.

In February of 2009 MOTIVA and Franconia executed a New Lease and Sales Agreements (franchise documents) that were effective May 1, 2009.

On April 2, 2009, MOTIVA notified Franconia that it was assigning its interest in the Lease and Sales Agreement to NOVA. NOVA became the owner of the subject property. (See Exhibit A to the Complaint)

In November 2011, a New Lease and Sales Agreement were executed between NOVA and Franconia which had an effective date of May 1, 2012. (See Exhibits C and D to the Complaint)

With a change in the ownership of the property the application for special exception being promoted by Franconia required that NOVA do as MOTIVA had done and appoint Land Development Consultants, Inc. as its agent to continue the approval process. In October 2010 the request was made to NOVA for such approval (See Exhibit L to the Complaint). This same application was hand delivered to NOVA's Abiy Worku on January 27, 2011, and he signed having accepted the documents. (See Exhibit 4)

NOVA has refused and continues to refuse to appoint Land Development Consultants, Inc. as its agent to pursue the special exemption. Without NOVA's approval the application for special exemption being promoted by Franconia is currently pending but cannot move forward.

On August 5, 2011, NOVA applied to Fairfax County for changes to the signage on the property (See Exhibit 6). On August 22, 2011 Fairfax County denied the request (See Exhibit 7). NOVA proceeded anyway with the signage changes which action was one of the violations cited by the County in its Notice of Violation in June 2012.

On June 21, 2012 Fairfax County sent to NOVA a notice of violation (See Exhibit F to Complaint). The notice is addressed to the property owner, NOVA, since it is the property owner that is responsible to have its property in compliance with the Fairfax County Zoning ordinance.

On July 9, 2012, NOVA delivered to Franconia the Notice of Termination mentioned above. The grounds for termination are here stated;

> The grounds of terminations are as follows;
>
> (i) The Franchisee's knowing failure to comply with Federal State or local laws or regulations relevant to its operation of the marketing premises (cites omitted), and (ii) failure of Franchisee to

comply with any provisions of the franchise, which provision is both reasonable and of material significance to the franchise relationship (cites omitted).

The Notice goes on to specify that it is the Fairfax County Notice of Violation dated June 21, 2012 that is the basis of its termination/notice.

What is most important to our consideration here is that Franconia is not being charged by Fairfax County with any violation of law or regulations. NOVA, as property owner, is being charged by Fairfax County with Notice of Violation (See Exhibit E to the Complaint). If anyone is in violation of Fairfax County laws or regulations, it is NOVA, not Franconia. Fairfax County initially charged Shell Oil in 2002 with violating the zoning requirements. In 2012 Fairfax County charged NOVA with violating the Zoning ordinance, because they were the land owners at these respective times.

The Notice of Termination also claims that certain actions by Franconia violate the Lease and/or Sales agreement. These claims are contained in three numbered paragraphs. (See Exhibit E, p2 of Complaint).

Paragraph 1 claims that the existence of the two vehicle bays violates the lease term requiring that operations be conducted in compliance with Federal, State and Local laws. As stated above the existence of the two vehicle bays represent a violation by NOVA of the Fairfax County Zoning Ordinances. The existence of the bays are not a violation by Franconia.

Paragraph 2 claims a violation of lease provision 14(d)(i) which prohibits use of the premises for storage of "junk disabled vehicles". However, lease provision 14(d)(i) allows such storage on a temporary basis in connection with serving customers. (See Exhibit C to Complaint

p5) There is no claim that any of the "junk disabled vehicles" were being stored other than on a temporary basis in connection with serving customers.

Paragraph 3 claims that the addition of the six foot fence and outdoor lift violates paragraph 23(b)(i) of the lease which prohibits alteration or modification of the premises without consent. The fence was installed in 2006 prior to the property being sold to NOVA and was done because it was a requirement of the special exception and site plan. It therefore was not an alteration made during the term of NOVA – Franconia lease and does not represent an alteration or modification of the premises during the lease period.

The outside lift has been part of the property since approximately 1970. It too was in existence prior to the NOVA – Franconia lease and does not represent any alteration or modification of the premises during the lease period.

The reasons stated in NOVA's Letter Termination do not exist. In fact Franconia has not violated any Federal, State or local laws, nor has it failed to comply with any provisions of the franchise that are reasonable and of material significance to the franchise relationship.

The additions and improvements to the property were done with the approval of MOTIVA, the owner at the time. NOVA purchased the property with the additions and improvements already in place and pursuant to the Fairfax County Zoning Ordinance became the party responsible for any possible violations of the zoning that these additions or improvements might represent.

Franconia agreed with MOTIVA to take on the responsibility of obtaining the special exception and permits and continued to offer that same service to NOVA even though such an agreement is not contained in the NOVA – Franconia lease. However, NOVA has refused to cooperate with Franconia by refusing to appoint Land Development Consultants, Inc, as its agent

for continuing the process of obtaining the special exception and permits. NOVA has in fact hired its own counsel to satisfy the County requirements.

Throughout NOVA's Brief in Opposition to the temporary injunction they continually make reference to Franconia's violations of Fairfax County ordinances, of Franconia's duties to comply or to appeal. The violations are not directed by Fairfax County to Franconia, but to NOVA. The duty to comply is NOVA's. The right to appeal or not to appeal is NOVA's.

In recognition of the fact that NOVA has the responsibility of addressing Fairfax County's Notice of Violation, NOVA has hired David Houston an attorney with Pillsbury, Winthrop, Shaw, Pittman, LLP to address the matter with the County and a meeting was held on August 1, 2012 between Houston, Bill Crowe of NOVA and Al Sanchez of the Department of Code Compliance for Fairfax County. A request by NOVA to extend the time to address the violations has been agreed to by Fairfax County (See Exhibit 5). All indications are that the possible code violations will be remedied by issuance of a special exception and permits by Fairfax County.

## II.   ARGUMENT

As stated in NOVA's brief (p14), the issue presented is whether termination is valid and that the validity of the termination is based on a claimed violation of Federal State and local law by Franconia that was "knowing" and relevant to the operation of the station (citing 15U.S.C.§2801(b)(2)(c) and §2802(c).)

The whole of NOVA's notice of termination rests on the June 21, 2012 Notice of Violation issued by Fairfax County to NOVA. However, as clearly stated in the Notice, it is the property owner, NOVA, who is in claimed violation of Fairfax County zoning ordinance, not Franconia. The duty, as spelled out in the Notice of Violation is for NOVA to submit site plan,

building permit and special exemption for the use of the additions made to the property in 2001. They have already begun that process by hiring counsel and meeting with Fairfax County.

The entire argument made by NOVA rests on the erroneous proposition that Franconia violated Fairfax County zoning law. As stated above this whole premise is faulty because any violation of the zoning ordinance is the responsibility of the legal owner, not the tenant. It is the property owner who owes a duty to Fairfax County to comply with the zoning laws. The fact that Franconia initially agreed with MOTIVA to undertake corrective action with the County does not place Franconia in violation of the law.

Now to the point at hand – the granting of a preliminary injunction. The request for preliminary injunction is made pursuant to 15 U.S.C§2805(b). A preliminary injunction shall be granted if it is shown that the franchise has been terminated; there exists serious questions going to the merits of the litigation; and the balance of hardships without the injunction weighs upon the Franchise. (See 15 U.S.C.§2805(b).

There is no question that the Franchise has been terminated by the notice of termination dated July 9, 2012. There are presented serious questions about the merits of such termination since the entire basis of termination is based upon a claim that Franconia violated Fairfax County law, which it has not. There also exists the notice question raised in the Motion for Preliminary Injunction filed earlier. The final point is the balance of hardship.

NOVA claims that it will incur hardship because it must comply with the Fairfax County zoning requirements and that such burden is brought upon NOVA by violations caused by Franconia. As set forth above, any violations are the violations of the land owner. When NOVA purchased the property in 2009 from MOTIVA, it purchased it subject to the existing violations that ran with the property. NOVA acquired the burden of complying with the Zoning Ordinance

7

upon purchase of the property. There is no burden brought upon NOVA by any action of Franconia. That burden already existed with MOTIVA and was transferred to NOVA upon purchase of the property. Any potential hardship incurred by NOVA in complying with Fairfax County's ordinance occurred when NOVA purchased the property and was not brought about by any subsequent action of Franconia.

As stated in the attached affidavit of Roland Joun (Exhibit 8), the value of this business is approximately one million dollars. That is based upon analysis of the finances of the business, including the amount of cash produced to the owner of the station the location of the station and on Mr. Joun's expertise in the business over the past 14 years. NOVA has made a low ball offer to purchase the business for $150,000, which is a substantial discount to its real value, but certainly proves value, and loss should the temporary injunction not be granted.

NOVA claims that it is exposed to civil penalties from Fairfax County. This statement is made without any basis for making such a statement. Nothing in either the 2002 Notice, or the 2012 Notice nor in the subsequent dealings between NOVA, their counsel and Fairfax County mention anything about civil penalties, and the fact that no such penalties have been incurred during the past 10 years certainly suggests that none will be incurred.

Certainly the loss of the business that has operated on the same site since 2001 and provides substantive income to the owners is a much greater hardship than any possible hardship that NOVA might experience. NOVA continues to get its rent and fuel payments from Franconia and will continue to receive them during the period of litigation.

Pursuant to 15 U.S.C. 2805 (c) Franconia as franchisee has the burden of proving the termination of the franchise. That has been done and there is no dispute about that.

NOVA as franchisor, then has the burden of going forward with evidence to establish an "affirmative defense" that the termination was permitted under §2802 (b) or §2803. NOVA relies on §2802(c)(11) (knowing failure to comply with the law) as the failure by Franconia to comply with reasonable and material provisions of the franchise as set out in §2802(b). As stated above, there has been no knowing violation of law by Franconia and therefore no failure by Franconia to comply with the reasonable and material provisions of the franchise. (Section 2803 does not apply in this case)

The summary of the Petroleum Marketing Practices Act prepared by the Secretary of Energy pursuant to the law says:

> "The Act is intended to protect franchised distributors and retailers of motor fuel against arbitrary and discriminatory termination or nonrenewal of franchises."

(See Summary attached to Exhibit E of the Complaint)

Clearly NOVA is taking these actions in a effort to drive Franconia out of business and out of the location

NOVA has already attempted to force Franconia to lose money by offering concessions to one of its other Franchisees located directly across the street from Franconia allowing that competitor to sell fuel below the Wholesale cost paid by Franconia to NOVA. In addition, NOVA is allowing the competitor to usurp the name "Franconia Shell" a name that Franconia has used since 2001, in an attempt to drive business away from Franconia and to competitor.

This is exactly the kind of actions taken by the big franchisors against the small franchisees that the act was designed to prohibit as a protection to the little guy.

The equitable thing to do is to grant the temporary injunction to allow Franconia to stay in business, to continue to pay its rent and purchase fuel until the matter can be fully litigated.

No harm will come to NOVA in the meantime, but without the injunction Franconia will be out of business.

Respectfully submitted,

Franconia Square, LLC,
by Counsel

_____/s/_____
Douglas E. Bywater (VSB#9137)
Tate, Bywater & Fuller, PLC
2740 Chain Bridge Road
Vienna, VA 22181
703 938-5100 Tel.
703 255-1097 Fax
debywater@tatebywater.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court and sent via first class U.S. Mail, postage prepaid to:

John M. Luchak
Bassman, Mitchell & Alfano, Chartered
1707 L Street, N.W., Suite 560
Washington, DC 20036

_____/s/_____
Douglas E. Bywater