UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FRANCONIA SQUARE, LLC )<br>)<br>　　　　　Plaintiff )<br>)<br>v. )<br>)<br>)<br>NOVA PETROLEUM REALTY, LLC )<br>)<br>　　　　　Defendant. )<br>_____)<br>)<br>NOVA PETROLEUM REALTY, LLC )<br>)<br>　　　　　Defendant/Counterclaim Plaintiff, )<br>)<br>v. )<br>)<br>FRANCONIA SQUARE, LLC )<br>)<br>　　　　　Plaintiff/Counterclaim Defendant. ) | Case Number: 1:12cv1007<br>CMH/JFA |

**SURREBUTTAL TO PLAINTIFF'S REBUTTAL TO DEFENDANT'S
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

On October 17, 2012, plaintiff, Franconia Square, LLC ("Franconia Square") filed a rebuttal brief responding to the opposition of defendant NOVA Petroleum Realty, LLC ("NOVA") to Franconia Square's motion for preliminary injunction. The motion was filed out of time and apparently without leave of Court, Docket No. 20 ("Plt. Brief").

In the brief, plaintiff argues, for the first time, that that it is NOVA, and not Franconia Square, that is in violation of the Fairfax County Zoning Ordinance (the "Ordinance"). Plt. Brief at 4. Plaintiff contends that the June 21, 2012 Notice of Violation (Exhibit "F" to the complaint, Docket No. 1-8) was served on NOVA, and, therefore, Franconia Square committed no violation. Plt. Brief at 4. Indeed, Franconia Square goes further, arguing that only a property owner, like NOVA, can ever violate the Ordinance. Plaintiff's assertion is wholly without merit for the reasons that follow.

Under the explicit language of the Ordinance, persons other than the landowner may commit violations.[1]  Section 18-901(2) of the Ordinance states in relevant part that:

> ***Any person***, whether owner, ***lessee***, principal, agent, employee or otherwise, ***who violates any of the provisions of the Ordinance, or permits any such violation***, or fails to comply with any of the requirements hereof, or who erects any building or uses any building or land in violation of the provision of this Ordinance shall be subject to the enforcement of this Part.

Franconia Square is the lessee at the property, and it is beyond dispute that Franconia Square can be in violation of the Ordinance.

Under the Ordinance, notice of any violation may be served on the person committing the violation, or on the person who permitted the violation on its property.  Section 18-901 (3) of the Ordinance states in pertinent part:

> Upon becoming aware of any violation of any provision of this Ordinance, the Zoning Administrator shall serve a notice of such violation on the person ***committing or permitting*** the same, which notice shall require such violation to cease within such reasonable time as is specified in such notice.

The 2012 Notice of Violation was served on NOVA.  NOVA is the landowner that permitted the violations (committed by Franconia Square) to occur on its property.  The 2012 Notice of Violation was served on Franconia Square, the lessee that committed the violation.

There can be no doubt that Franconia Square, and not NOVA, committed the acts cited that constitute violations of the Ordinance.  It was Franconia Square, and not NOVA, that (i) placed the two vehicle bay building addition on the property; (ii) placed two accessory storage containers on the property; (iii) constructed the 6 foot fence on the property; (iv) conducted unauthorized automobile repairs outside designated service bay areas; (v) stored inoperable vehicles and abandoned vehicles, automotive parts and equipment, large plastic drums, construction materials and other miscellaneous items on the property; (vi) placed an outdoor lift on the property; (vii) paved the parking area on the property behind the service station building; and (viii) installed unauthorized signage on the property.

---

[1] The relevant section of the Ordinance is attached hereto.

In short, the fact that the 2012 Notice of Violation was served on NOVA (the entity that "permitted" the violations) should not obscure the fact that the violations were committed by Franconia Square. Franconia Square performed each of the acts or omissions that constitute violations of the Ordinance.

NOVA's notice to Franconia Square terminating the franchise states the grounds for termination as follows:

> (i) the Franchisee's knowing failure to comply with Federal, State, or local laws or regulations relevant to the operation of the marketing premises, 15 U.S.C. §§2802(b)(2)(C) and 2802(c)(11); and (ii) failure of Franchisee to comply with any provision of the franchise, which provision is both reasonable and of material significance to the franchise relationship, 15 U.S.C. §2802 (b)((2)(A).

Notice of Termination, Exhibit "E" to the complaint, Docket No. 1-7. As described more fully above and in NOVA's opposition to the plaintiff's motion, Docket No. 15, Franconia Square knowingly and repeatedly violated the Fairfax County Zoning Ordinance.

Thus, plaintiff has shown no serious question going to the merits of the controversy, which is an essential to obtaining a preliminary injunction under the PMPA, 15 U.S.C. §2805(b)(2)(A)(ii), and plaintiff's motion should be denied.

Respectfully submitted,

\\John M. Luchak\\
John M. Luchak (VSB#38504)
Alphonse M. Alfano (*Pro Hac Vice*)
BASSMAN, MITCHELL & ALFANO, CHTD.
1707 L Street, NW, Suite 560
Washington, DC  20036
Tel:  (202) 466-6502;   Fax: (202) 331-7510

Attorneys for NOVA Petroleum Realty, LLC