**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| FRANCONIA SQUARE, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOVA PETROLEUM REALTY, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Case Number: 1:12cv1007 |
| | ) | CMH/JFA |
| NOVA PETROLEUM REALTY, LLC | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCONIA SQUARE, LLC | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant. | ) | |

**DEFENDANT'S ANSWER TO THE PLAINTIFF'S**
**AMENDED COMPLAINT FOR VIOLATION OF THE PMPA**
**AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**ANSWER**

Defendant Nova Petroleum Realty, LLC (hereinafter referred to as the "Defendant") hereby

states as its affirmative defenses and answer to the complaint in this action as follows:

First Defense

Plaintiffs' claims are barred for failure to mitigate damages.

Second Defense

Plaintiff's claims are barred on the basis that, to the extent that plaintiff suffered any injuries,

damages, or harm, said injuries, damages, or harm were caused solely by the acts or omissions of

said plaintiff and/or third parties.

Third Defense

Plaintiff's claims are barred because the alleged conduct of the Defendant averred in the complaint, which averments are specifically denied, did not cause or contribute to the alleged injuries, damages, or harm.

Fourth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were consistent with applicable law and/or with Defendant's contractual rights.

Fifth Defense

Plaintiff's claims are barred for failure to mitigate damages.

Sixth Defense

Plaintiff's claims are barred under the doctrine of res judicata and/or collateral estoppel.

Seventh Defense

Plaintiff's claim for wrongful termination of the franchise is barred because the franchise between defendant and plaintiff was properly terminated as permitted under 15 U.S.C. §2804, *et seq*.; 15 U.S.C. §§2802(b)(2)(C) and 2802(c)(11) for knowing failure to comply with federal, State, or local laws or regulations relevant to the operation of the marketing premises; and 15 U.S.C. §2802 (b)(2)(A) for failure to comply with any provision of the franchise, which provision is both reasonable and of material significance and for failure to exert good faith efforts to carry out the provisions of the franchise.

Eighth Defense

Plaintiffs' claim for the defendant's violation of VA Code Ann. §59.1-21.16:2 is barred because defendant does not operate the retail service station referred to in the complaint with

2

company personnel, a parent company or under any contract with any other person, firm or corporation managing the service station on a fee arrangement with the defendant.

Defendant reserves the right to raise other affirmative defenses should the applicability of such defenses become apparent through additional discovery or investigation.

Answering specifically the numbered paragraphs of the complaint utilizing the same paragraph numbering, the defendant states as follows:

1.      This paragraph contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, deny.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, except to state that Franconia is a retailer of branded motor fuels at the retail service station located at 6136 Franconia Road, Alexandria, Virginia 22310 (the "Station") and is a "franchisee" under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §2801, *et seq*.

3.      Deny, except to admit that defendant Nova Petroleum Realty, LLC is organized and existing under the laws of the State of Delaware, has its principal place of business at 6820-B Commercial Drive, Springfield, VA 22151 and is a "franchisor" under the PMPA.

4.      Deny, except to admit that, in 2009, Motiva Enterprises, LLC ("Motiva") conveyed to the defendant, and the defendant accepted, Motiva's fee interest in the Station, and Motiva assigned to the defendant the Retail Facility Lease and Retail Sales Agreement with the plaintiff pertaining to the Station, and the Court is respectfully referred to the documents referred to in this paragraph for a full and complete statement of the contents thereof.

5.      Deny, except admit that the plaintiff and defendant are parties to a Complete Contract of Sale (Branded) entered into on November 10, 2011 for the supply of Shell-branded

motor fuel at the Station and a Station Lease (Branded) entered into on November 1, 2011 for the lease of the Station to the plaintiff, which contract and lease constitute a franchise under the PMPA, and the Court is respectfully referred to the documents referred to in this paragraph for a full and complete statement of the contents thereof.

6.      Admit and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

7.      Admit, except to deny that the words as quoted are found in notice of termination at Exhibit "E" of the complaint and the Court is respectfully referred to Exhibit "E" of the complaint for a full and complete statement of the contents thereof.

8.      Deny the first sentence of this paragraph. Admit the second sentence, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

9.      Deny, except to admit that defendant received the Notice of Violation.

10.     Deny, except to state that the grounds for the termination referred to in this paragraph are set forth in the plaintiff's Exhibit "E" referred to in paragraph 6 of the Amended Complaint.

11.     Deny, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the Court is respectfully referred to the document

referred to in this paragraph for a full and complete statement of the contents thereof.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

20.     Deny, and the Court is respectfully referred to the documents referred to in this paragraph for a full and complete statement of the contents thereof.

21.     Deny.

22.     Deny, and the Court is respectfully referred to the document referred to in this

paragraph for a full and complete statement of the contents thereof.

23.    Deny, and the Court is respectfully referred to the documents referred to in this paragraph for a full and complete statement of the contents thereof.

24.    Deny, and the Court is respectfully referred to the documents referred to in this paragraph for a full and complete statement of the contents thereof.

25.    Deny.

26.    This paragraph contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, deny.

27.    Deny, and the Court is respectfully referred to the document referred to in this paragraph for a full and complete statement of the contents thereof.

28.    Deny.

29.    Deny.

30.    Deny.

31.    Deny.

32.    Deny.

33.    Deny.

34.    This paragraph contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, deny.

35.    Deny

   (a)    Deny.

   (b)    Deny.

   (c)    Deny.

   (d)    Deny.

(e)     Deny, except to state that defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this subparagraph referring to the time and effort exerted by plaintiff to resolve the Special Exception matter referred to therein.

36.     This paragraph contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, deny.

37.     Deny.

Defendant specifically denies all the allegations of the complaint not hereinbefore otherwise answered.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

For its counterclaim in this action, defendant Nova Petroleum Realty, LLC shows to the Court and alleges as follows:

### Jurisdiction and Venue

1.     This is an action for a declaratory judgment and injunctive relief under 28 U.S.C. §2201 and is for the purpose of obtaining a determination as to a question in actual controversy between the parties and as to which defendant Nova Petroleum Realty, LLC seeks judgment. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1337, 15 U.S.C. §2805, and applicable ancillary jurisdiction.

2.     Venue properly lies in this district pursuant to 28 U.S.C. §1391(b).

### Parties

3.     Counterclaim plaintiff Nova Petroleum Realty, LLC ("Nova Petroleum") is a limited liability company organized and existing under the laws of the State of Delaware.  Nova Petroleum is a wholesale distributor of branded motor fuel sold under the trademarks of major refiners such as Shell.  Nova Petroleum owns the retail service station located at 6136 Franconia Road, Alexandria,

VA 22310 (the "Station").

4.　　On information and belief, defendant Franconia Square, LLC ("Franconia Square") is a limited liability company organized and existing under the laws of the Commonwealth of Virginia.  Franconia Square is a retailer that operates the motor fuel retail facility and automobile repair facility at the Station.

<u>**The Lease and the Contract of Sale at the Station**</u>

5.　　Nova Petroleum and Franconia Square are parties to a Station Lease (Branded) made on the 1st day of November, 2011 ("Lease").  Said Lease is attached to the complaint in this action and identified therein as <u>Exhibit "C</u>," and is incorporated and made a part hereof.  Under the Lease, Nova Petroleum leases the Station to Franconia Square.  The Lease provides in relevant part as follows:

(a)　　Franconia Square is not permitted to use the Station "for storage of junk, disabled vehicles, used tires or batteries."

(b)　　Franconia Square is not permitted to use the Station as a "parking lot."

(c)　　Franconia Square is required to "conduct all operations lawfully and in strict compliance with all statutes and all ordinances, regulations, and other requirements of governmental authorities."

(d)　　Franconia Square may not make any alteration or moderation to the Station without the Nova Petroleum's prior written consent.

(e)　　Nova Petroleum is entitled to recover from lessee all reasonable attorney's fees and other legal costs incurred by Nova Petroleum to secure or protect its rights under the Lease or enforce the terms thereof, including all attorney's fees and legal expenses incurred to enforce the termination of the Lease.

6.      Nova Petroleum also supplies the defendant with Shell-branded motor fuels for resale at the Station under the Contract of Sale (Branded) made on 10th day of November, 2011 ("Contract of Sale").  Said Contract of Sale is attached to the complaint in this action and identified therein as Exhibit "D," and is incorporated and made a part hereof.  The Contract of Sale provides in relevant part as follows:

(a)      Franconia Square may not employ or permit any illegal practices in the operation of the Station.

(b)      Franconia Square is required to comply with all laws, statutes, regulations, ordinances and rules of all applicable governmental authorities with respect to the operation of its business at the Station.

(c)      Nova Petroleum is entitled to recover from lessee all reasonable attorney's fees and other legal costs incurred by Nova Petroleum to secure or protect its rights under the Lease or enforce the terms thereof, including all attorney's fees and legal expenses incurred to enforce the termination of the Contract of Sale.

7.      The Contract of Sale and the Lease together constitute a franchise under the Petroleum Marketing Practices Act ("PMPA"), 15 U. S. C. §2801, *et seq.*   Under the PMPA, Franconia Square is a "franchisee" and Nova Petroleum is a "franchisor."

**Notice of Violation of the Fairfax County Code**

8.      On November 1, 2011 and May 24, 2012, Fairfax County inspectors inspected the Station for compliance with the Fairfax County Code.  The inspectors found numerous instances at the Station where that the Station had been modified or was being used without an approved an approved special exception, site plan, building permit and non-residential use permit (the special exception, site plan, building permit and non-residential use permit  collectively hereinafter referred

to as the "Use Permit") in violation of the Code.  On June 21, 2012, the Fairfax County Department of Code Compliance issued Nova Petroleum a written notice containing the violations of the Fairfax County Code at the Station.  Notice of Violation, issued June 21, 2012 ("2012 Notice of Violation").  A copy of the Notice of Violation is attached to the complaint in this action and identified therein as <u>Exhibit "F</u>," and is incorporated and made a part hereof.

9.    The 2012 Notice of Violation cited the following modifications or uses of the Station without a Use Permit as violations of the Fairfax County Code at the Station (collectively the "Violations"):

(a)    the existence of an unauthorized two (2) vehicle bay addition to the Station;

(b)    the existence of an unauthorized six (6) foot wooden privacy fence on the Station property;

(c)    the unauthorized outdoor storage or display of items for sale, other than automobile fuel;

(d)    the unauthorized use of the Station as a storage yard for the storage of inoperable vehicles and abandoned vehicles, automotive parts and equipment , large plastic fluid drums, construction material and other items at the Station; and

(e)    the unauthorized installation of a number of signs at the Station;

(f)    the occupation and use of the Station in violation of an existing non-residential use permit for the Station.

10.    The Violations constitute Franconia Square's failure to comply with provisions of the Lease and the Contract of Sale that are both reasonable and of material significance to the franchise relationship between Nova Petroleum and Franconia Square.  The Violations also constitute violations of the Fairfax County Code.

## Notice of the Termination of the Franchise

11.     On July 9, 2012, Nova Petroleum provided notice to Franconia Square, in writing, that the franchise between Nova Petroleum and Franconia Square was terminated effective close of business October 11, 2012 (the "Notice of Termination").  A copy of the Notice of Termination is attached to the complaint in this action and identified therein as Exhibit "E," and is incorporated herein and made a part hereof.

12.     The Notice of Termination contains a statement of Nova Petroleum's intent to terminate the franchise with a statement of the reasons therefor: (a) Franconia Square's knowing failure to comply with Federal, State, or local laws or regulations relevant to the operation of the Station under 15 U.S.C. §§2802(b)(2)(C) and 2802(c)(11); and (b) failure of Franconia Square to comply with any provision of the franchise, which provision is both reasonable and of material significance to the franchise relationship pursuant to 15 U.S.C. §2802 (b)(2)(A).

13.     A copy of the Notice of Termination was hand delivered and a copy was delivered via certified mail, return receipt requested.  A copy of the PMPA Summary of Rights was provided with the Notice of Termination pursuant to 15 U.S.C. §2804 (c)(3)(C).  The Notice of Termination afforded Franconia Square ninety days advance notice of termination, with the effective date of termination set at October 11, 2012.

14.     Nova Petroleum's termination of its franchise with Franconia Square and the Notice of Termination complies in all respects with the substantive and procedural requirements of the PMPA.  Under the PMPA, Franconia Square's violation of the Fairfax County Code and breach of the Contract of Sale and Lease constitute valid grounds for the termination of the franchise.  Upon the effective date of termination, the close of business October 11, 2012, Franconia Square shall have no basis in law to retain possession of the Station.

WHEREFORE, defendant/counterclaim plaintiff Nova Petroleum respectfully requests:

A.    that the Court find and declare that Nova Petroleum lawfully terminated the Lease and Contract of Sale at Station under the PMPA, effective close of business on October 11, 2012; and

B.    that the Court find and declare that Nova Petroleum provided a valid notice of such termination in full compliance with the PMPA; and

C.    that the Court find and declare that, under the terms of the Lease, Nova Petroleum is entitled to possession of the Station immediately upon termination of the Lease; and

D.    that the Court find and declare that Franconia Square's continued possession of the Station after the effective date of said termination is unlawful; and

E.    that the Court find and declare that, under the Lease and the Contract of Sale, Nova Petroleum is entitled to all reasonable attorney's fees and other legal costs incurred by Nova Petroleum to protect its rights under the Lease or Contract of Sale or to enforce the terms thereof, including reasonable attorney's fees and legal costs incurred to enforce the termination of the franchise; and

F.    that the Court issue an order compelling Franconia Square to vacate the Station on the effective date of the termination; and

G.    that the Court issue an order compelling Franconia Square to pay Nova Petroleum its reasonable attorney's fees and other legal costs incurred by Nova Petroleum in obtaining this declaratory judgment and injunction; and

H.    that the Court grant such other and further relief as it deems appropriate.

Respectfully submitted,

_____\\John M. Luchak\\\_\_\_\_\_
John M. Luchak, Esq.
BASSMAN, MITCHELL & ALFANO, CHTD.
1707 L Street, NW, Ste 560
Washington, DC 20036
Tel:  (202) 466-6502
Fax: (202) 331-7510

Counsel for the Defendant/Counterclaim Plaintiff