UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| Franconia Square, LLC | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 1:12cv1007 |
| NOVA Petroleum Realty, LLC | : | |
| Defendant. | : | |

## PLAINTIFF'S ANSWER TO THE DEFENDANT'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

1. This paragraph contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, deny.

2. This paragraph contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, deny.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, except to state that defendant Nova Petroleum Realty, LLC is organized and existing under the laws of the State of Delaware and is the owner of the retail service station located at 6136 Franconia Road, Alexandria VA 22310 (the "Station").

4. Paragraph 4 is admitted except to clarity that NOVA owns the real property but not the business being operated thereon.

5. The opening paragraph of 5 is admitted. Subparagraph (a) is denied as it is not the complete statement contained in the lease; subparagraph (b) is admitted to the extent that use of the premises as a "parking lot" is not allowed, but it is affirmatively stated that no

such use has been made of the premises by Franconia; subparagraph (c) is admitted to the extent that the words stated are contained in the lease, however it is affirmatively stated that Franconia denies having violated such provision; as to subparagraph (d) it is admitted that a portion of these words are contained in the lease, however it is affirmatively stated that during the term of this lease, Franconia has made no alterations or modification to the station; and the allegations in subparagraph (e) are denied.

6. The opening paragraph of 6 is admitted. As to subparagraphs (a), (b), and (c) the document speaks for itself, but it is affirmatively stated that Franconia has not violated any such provisions. Subparagraph (c) is denied.

7. Paragraph 7 is admitted.

8. The first two sentences of paragraph 8 have information unknown to Plaintiff and are therefore denied. It is admitted that Fairfax County notified NOVA of violations

9. The allegations in Paragraph 9 are denied. It is affirmatively stated that the notice of violation is against NOVA, not Franconia Square.

10. This paragraph contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, deny.

11. The allegations in Paragraph 11 are admitted, however, it is affirmatively stated that such Notice did not comply with the law.

12. The allegations in Paragraph 12 are admitted, however, Plaintiff denies that the statements are true.

13. As to paragraph 13, it is admitted that the document was delivered to Plaintiff and that a summary of rights was attached. The remaining allegations are denied.

14. This paragraph contains conclusions of law and not allegations of fact to which an answer is required.

Plaintiff specifically denies all the allegations of the Counterclaim not otherwise answered in this Answer.

Respectfully Submitted,

Franconia Square, LLC
By Counsel

_____/s/_____
Douglas E. Bywater (VSB# 9137)
Tate, Bywater & Fuller, PLC
2740 Chain Bridge Road
Vienna, VA 22181
703 938-5100 Tel.
703 255-1097 Fax
debywater@tatebywater.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of November 2012, I electronically filed the foregoing with the Clerk of the Court and sent via first class U.S. Mail, postage prepaid to:

John M. Luchak
Bassman, Mitchell & Alfano, Chartered
1707 L Street, N.W., Suite 560
Washington, DC 20036

_____/s/_____
Douglas E. Bywater